SARAH R. WOLK (SBN 251461)
srw@wolklevine.com
ZACHARY LEVINE (SBN 265901)
zjl@wolklevine.com
Wolk & Levine, LLP
535 N. Brand Blvd., Ste. 950
Glendale, CA 91203
Telephone: 818-241-7499
Facsimile: 323-892-2324

Attorneys for Plaintiff
Gilbert Lerma Jr.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERT LERMA JR., an individual d/b/a STYLISTICS CAR CLUB, | Case No.: |
| Plaintiff, | **COMPLAINT:** |
| vs. | (1) Common Law Trademark Infringement; |
| ERNIE ARMIJO, an individual; JOE ARMIJO, an individual; ROBERT FLORES, an individual; DAVID RODRIGUES, an individual; RUDY PAREDES, an individual; ROGER TORES, an individual; and DOES 1-10, inclusive; | (2) False Designation of Origin; (3) Common Law Unfair Competition under California Business and Professions Code § 17200 et seq.; (4) Violation of California Business and Professions Code § 17500; (5) Injunctive Relief |
| Defendants. | |

Plaintiff Gilbert Lerma Jr. ("Plaintiff"), by and through his undersigned counsel, files the following Complaint, complaining of Defendants Ernie Armijo,

COMPLAINT - 1

Joe Armijo, Robert Flores, David Rodrigues, Rudy Paredes, Roger Tores, and Does 1-10 (collectively referred to as "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction under 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to copyright or trademarks); 28 U.S.C. § 1338(b) (action asserting claim of unfair competition joined with a substantial and related claim under the trademark laws); and 28 U.S.C. § 1367 (supplemental jurisdiction).

2. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over the state claims herein in that these claims are related to, and form part of, the same case and controversy as the federal claims herein.

3. This Court has personal jurisdiction over the Defendants in that Defendants are conducting business in the State of California and in this District and have availed themselves of the benefits and protections of the same. All Defendants named herein have transacted business within California and contracted to supply goods or services in California in connection with the matters giving rise to the present suit. Defendants have also committed infringing acts outside of California causing injury to the Plaintiff in California, and Defendants regularly do or solicit business in California, and/or expect or reasonably should expect their infringing conduct to have consequences in California and derive substantial revenue from interstate commerce.

4. Venue is proper in this district under 28 U.S.C. §1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, a substantial part of the property that is the subject of the action is situated in this district, and the defendant maintains its principal place of business in this district.

## PARTIES

5. Plaintiff GILBERT LERMA JR. is, and at all times relevant hereto was, a resident of the State of California, County of Los Angeles.

6. Defendant ERNIE ARMIJO is, and at all times relevant hereto was, a resident of the State of California.

7. Defendant JOE ARMIJO is, and at all times relevant hereto was, a resident of the State of California.

8. Defendant ROBERT FLORES is, and at all times relevant hereto was, a resident of the State of California.

9. Defendant DAVID RODRIGUES is, and at all times relevant hereto was, a resident of the State of California

10. Defendant RUDY PAREDES is, and at all times relevant hereto was, a resident of the State of California.

11. Defendant ROGER TORES is, and at all times relevant hereto was, a resident of the State of California.

12. Defendants and each of them are, and at all times relevant hereto were, engaged in the business of operating one or more car clubs in the State of California.

13. Does 1-10 are, and at all times relevant hereto were, by the nature of their conduct, liable to the Plaintiff for the misconduct alleged herein. At such time the true names and identities of the Doe Defendants are unknown as Plaintiff has not ascertained the identity of Defendant's agents, representatives, servants and employees that performed acts outside the course and scope of such agency and/or employment and without the permission of Defendants. Furthermore, Plaintiff has not ascertained the identity of other co-defendants that may have acted in concert with one or more of the Defendants, or contributed to or be partially liable for the infringement and/or other claims alleged herein. Plaintiff will seek leave to amend

1  this Complaint to allege their true names and capacities when the same have been
2  ascertained.
3
4  **FACTS COMMON TO ALL CAUSES OF ACTION**
5  14. Plaintiff is the owner of California Trademark Registration No. 66192 for
6  "STYLISTICS" plus design for "Promoting and conducting trade shows and
7  exhibits in the field of automobiles."
8  15. The Stylistics Car Club was started by Pablo Hernandez who acted as its
9  first president. Following the formation of the club and tenure of Pablo
10 Hernandez, Plaintiff served as the club's president.
11 16. Plaintiff has used the mark "STYLISTICS" plus design for promoting car
12 club services and car shows continuously since at least as early as 1987.
13 Representative samples of the Stylistic Car Club cars, under the leadership of
14 Plaintiff can be seen in magazines, news articles, and personal photographs.
15 17. In a related case, 2:12-cv-06704-DDP-JEM, filed in the United States
16 District Court for the Central District of California, the Honorable Dean D.
17 Pregerson issued a second amended order in favor of Plaintiff Lerma on April 22,
18 2014. Judge Pregerson deemed the facts alleged in Lerma's complaint there to be
19 true, issued an injunction prohibiting Defendants' associate Jorge Ramirez
20 ("Ramirez") from using Plaintiff's mark in anyway, and issued an order to the
21 United States Patent and Trademark Office to cancel Ramirez's improperly
22 obtained federal registration for the "Stylistics" mark.
23 18. Despite this order, Defendants and their associates are infringing on
24 Plaintiff's mark including use of the word mark "STYLISTICS LOS ANGELES"
25 and corresponding logo online and in connection with trade shows and exhibits in
26 the field of automobiles. On information and belief, Defendants in this action are
27 continuing the activities of Ramirez by engaging in the operating of a car club that
28

competes with Plaintiff using the same or substantially the same name, namely, "Stylistics."

## FIRST CLAIM FOR RELIEF

**(Common Law Trademark Infringement– Injunctive Relief and Damages)**

As and for a first cause of action, against Defendants, and each of them, Plaintiff alleges as follows:

19. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 18 inclusive, with the same force and effect as though set forth in full hereat.

20. Plaintiff first used the "STYLISTICS" mark as early as 1987, long before Defendants first used the mark "STYLISTICS LOS ANGELES".

21. Defendants' use of the phrase "STYLISTICS LOS ANGELES" infringes Plaintiff's ownership of the "STYLISTICS" mark and has and will continue to have the effect of causing confusion, mistake, or deception as to the source and origin of Defendants' products and to deceive the public by passing off Defendants' products as being manufactured, sponsored, or otherwise approved by or connected with Plaintiff.

22. Defendants' acts have damaged Plaintiff's business reputation and have impaired and diluted Plaintiff's goodwill in its trademark.

23. Unless enjoined by this Court, Defendants will continue their acts of trademark infringement, thereby deceiving the public and causing Plaintiff immediate and irreparable harm and damage.

24. Plaintiff is entitled to an order of this Court enjoining Defendants, their officers, agents, and employees, and anyone acting in concert with them, from using the phrase "STYLISTICS LOS ANGELES", alone or in combination with other words, or any other colorable imitations of the "STYLISTICS" mark in

1  Defendants' advertising, marketing, or sale of its products and services or in any
2  other way in connection with the conduct of its business.
3      25. As a result of Defendants' conduct set forth above, Plaintiff has suffered
4  damages the exact amount of which Plaintiff has not been able to
5  determine. Plaintiff is entitled to recover from defendant such damages, together
6  with interest thereon, and an amount equal to Defendant's profits derived from its
7  unlawful and wrongful conduct.
8
9  **SECOND CLAIM FOR RELIEF**
10  **(False Designation of Origin – Injunctive Relief and Damages)**
11  As and for a second cause of action, against Defendants, and each of them,
12  Plaintiff alleges as follows:
13      26. Plaintiff realleges and incorporates herein by reference Paragraphs 1
14  through 18 inclusive, with the same force and effect as though set forth in full
15  hereat.
16      27. Defendants' use of the designation "STYLISTICS LOS ANGELES" in
17  their labeling, advertising, marketing, and providing of their services for their own
18  benefit, in such a fashion and design as to imitate Plaintiff's trademark
19  "STYLISTICS", constitutes a violation of Section 43(a) of the Lanham Act, 15
20  U.S.C. § 1125(a), on the grounds that it creates a likelihood of confusion
21  among prospective purchasers and employees, and further on the grounds that
22  such usage induces, or is likely to induce, prospective purchasers and
23  employees and others to believe, contrary to facts, that Defendants' services are
24  performed by, approved by, or otherwise connected in some way with Plaintiff
25  or with Plaintiff's services.
26      28. Defendants' use of the designation "STYLISTICS LOS
27  ANGELES" in the manner alleged above constitutes a false designation of origin
28

of Defendants' services, or false description or representation of Defendants' services, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29. Defendants will, if not enjoined by this Court, continue their acts of unfair competition by the use of the false designation and false representation set forth above, which has caused, and will continue to cause, Plaintiff immediate and irreparable harm.

30. Pursuant to Section 34 of the Lanham Act, 15 U.S.C. § 1116, Plaintiff is entitled to an order of this Court, effective during the pendency of this action and thereafter to be made permanent, enjoining Defendants, their officers, agents, and employees from using "STYLISTICS LOS ANGELES" alone or in combination with other words or any other colorable imitations of Plaintiff's trademark "STYLISTICS", in the advertising, marketing, or sale of Defendants' goods or services.

31. As a result of Defendants' acts of unfair competition set forth below, Plaintiff has suffered damages, the exact amount of which Plaintiff has not yet been able to determine. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, Plaintiff is entitled to a judgment for damages not to exceed three times the amount of its actual damages, as shall be proved at trial, together with interest thereon, and for an amount equal to Defendants' profits derived from its unlawful and wrongful conduct.

32. Defendants' actions as set forth above entitle Plaintiff pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117 to an award of attorneys' fees incurred in bringing this action.

///
///
///
///
///

## THIRD CLAIM FOR RELIEF

## (Common Law Unfair Competition Under California Business and Professions Code § 17200 *et seq.*)

As and for a third cause of action, against Defendants, and each of them, Plaintiff alleges as follows:

33. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 32 inclusive, with the same force and effect as though set forth in full hereat.

34. The tendency and effect of Defendants' continued use of the designation "STYLISTICS LOS ANGELES", alone or in combination with other words, in the advertising and marketing of its services is to cause confusion, mistake, and deception as to the source or origin of Defendants' services. Defendants' acts have damaged Plaintiff's business reputation and have impaired and diluted Plaintiff's goodwill in its service mark, and constitute common law unfair competition within the meaning of California Business and Professions Code § 17200 *et seq*.

35. Unless enjoined by this Court, Defendants will continue their acts of unfair competition, and trademark and service mark infringement, thereby deceiving and confusing the public and causing Plaintiff immediate and irreparable damage.

36. Pursuant to California Business and Professions Code § 17203, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease this unfair competition, as well as disgorgement of all of Defendants' profits associated with this unfair competition.

///
///
///
///
///


## FOURTH CLAIM FOR RELIEF

### (Violation of California Business and Professions Code § 17500)

As and for a fourth cause of action, against Defendants, and each of them, Plaintiff alleges as follows:

37. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 32 inclusive, with the same force and effect as though set forth in full hereat.

38. The tendency and effect of Defendants' continued use of the designation "STYLISTICS LOS ANGELES", alone or in combination with other words, in the advertising and marketing of its services is to cause confusion, mistake, and deception as to the source or origin of Defendants' services. Defendants' acts have damaged Plaintiff's business reputation and have impaired and diluted Plaintiff's goodwill in its service mark, and constitute false advertising within the meaning of California Business and Professions Code § 17500.

39. Unless enjoined by this Court, Defendants will continue its acts of false advertising, and trademark and service mark infringement, thereby deceiving and confusing the public and causing Plaintiff immediate and irreparable damage.

40. As a result of Defendants' acts of false advertising, Plaintiff has suffered damages, the exact amount of which Plaintiff has not yet been able to determine. Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, Plaintiff is entitled to a judgment for damages not to exceed three times the amount of its actual damages, as shall be proved at trial, together with interest thereon, and for an amount equal to Defendants' profits derived from its unlawful and wrongful conduct.

///
///
///
///

## FIFTH CLAIM FOR RELIEF

### (Injunctive Relief)

As and for a fifth cause of action, against Defendants, and each of them, Plaintiff alleges as follows:

41. Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 32 inclusive, with the same force and effect as though set forth in full hereat.

42. As outlined herein, Plaintiff has suffered irreparable harm from the actions and omissions of Defendants.

43. Plaintiff will continue to be harmed without an injunction from further infringement.

44. Plaintiff hereby prays for an injunction against the use of the STYLISTICS mark or any mark confusingly similar thereto in connection with automobile industry services.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

45. Enter judgment for Plaintiff on the counts named herein;

46. Actual damages suffered by Plaintiff as a result of Defendants' unlawful conduct, in an amount to be proven at trial, as well as prejudgment interest as authorized by law, but in no event less than the statutory minimum of this court;

47. Reasonable funds for future corrective advertising;

48. An accounting of Defendants' profits pursuant to 15 U.S.C. § 1117;

49. A judgment trebling any damages awarded pursuant to 15 U.S.C. § 1117;

50. Punitive damages pursuant to California Civil Code § 3294;

51. Restitutionary relief against Defendants and in favor of Plaintiff, including disgorgement of wrongfully obtained profits and any other appropriate relief;

52. A permanent injunction pursuant to 17 U.S.C. § 502 as described in

Paragraphs 41-44 above;

53. A permanent injunction enjoining all Defendants, their officers, agents, employees, licensees and assigns, distributors, sub-distributors, and all persons acting in concert with them, from engaging in or authorizing the reproduction, production, copying, use, distribution, exploitation, advertising, and promotion of "STYLISTICS" or derivative works therefrom;

54. Recovery of Plaintiff's attorney's fees and full costs of suit;

55. Any other remedies to which Plaintiff may be entitled, including all remedies provided for in 15 U.S.C. § 1117, 17 U.S.C. § 101, Cal. Bus. & Prof. Code §§ 17200, *et seq.*, 17500, *et seq.*, and any other California law.

DATED: 12/29/15

WOLK & LEVINE, LLP

By: Zachary Levine, Esq.
Attorneys for Plaintiff
Gilbert Lerma Jr.