UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GILBERT LERMA JR., | ) | Case No. CV 15-9953 (JEMx) |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING PLAINTIFFS'** |
| | ) | **MOTION FOR SUMMARY** |
| v. | ) | **JUDGMENT** |
| | ) | |
| ERNIE ARMIJO, et al., | ) | [Dkt. 69] |
| | ) | |
| Defendants. | ) | |

Presently before the court is Plaintiff Gilbert Lerma, Jr.'s Motion for Partial Summary Judgment. After reviewing Lerma's Motion and supporting papers and hearing oral argument, the court GRANTS the Motion and adopts the following Order.

**I. BACKGROUND**

Plaintiff Gilbert Lerma, Jr. is the President of Stylistics Car Club ("Stylistics CC"). (Statement of Uncontroverted Facts ("SUF") ¶ 1.) Stylistics CC has been in operation since 1987. (*Id.*) Lerma is the owner of California Trademark Registration No. 66192 for "STYLISTICS" plus design for "promoting and conducting trade shows and exhibits in the field of automobiles." (SUF ¶ 2.) Lerma has been using the STYLISTICS mark since

1987 to promote his car club and its services. (SUF ¶ 3.) Defendants are members of a competing car club named "Stylistics Los Angeles Car Club" ("SLACC"). (SUF ¶ 7.) Although there were initially six named Defendants, three were dismissed pursuant to a settlement. (*See* Dkt. 66.) The remaining Defendants are Ernie Armijo, Joe Armijo, and David Rodrigues. Defendants began using the phrase "Stylistics Los Angeles" as part of their own car club activities in 1998 without Plaintiff's consent. (SUF ¶ 9-10.)

This case is not Lerma's first effort to protect the STYLSITICS mark. In August 2012, Lerma filed suit against Jorge Luis Ramirez and SLACC alleging, *inter alia*, trademark infringement of the STYLISTICS mark. *See* Complaint, *Lerma v. Stylistics Los Angeles Car Club, Inc.* ("*Lerma I*"), Case No. 2:12-cv-06704-DDP-JEM. In *Lerma I*, this Court granted default judgment against Ramirez and SLACC, holding that the defendants had improperly attempted to register a "STYLISTICS LOS ANGELES" mark ("SLA" mark) and infringed on Plaintiff's STYLISTICS mark. Furthermore, the court ordered cancellation of the SLA mark and enjoined Rodriguez and SLACC from engaging in further activities that infringement on the STYLISTICS mark. After the entry of default judgment, the *Lerma I* Defendants appeared and moved to set aside the Order. The court denied the motion to vacate. Defendants then appealed the cancellation order and the Ninth Circuit affirmed this court's decision. *See Lerma v. Stylistics Los Angeles Car Club, Inc.*, 670 F. App'x 640 (9th Cir. 2016).

Despite the Order in *Lerma I* enjoining Ramirez and SLACC from infringing on the STYLSTICS mark, Lerma claims that other members of SLACC have continued to infringe on the mark. (Compl. ¶ 18.) Specifically, Defendants use the word mark "STYLISTICS LOS ANGELES" and corresponding logo online and in connection with automotive trade shows and exhibitions. (*Id*.) Accordingly, Lerma filed the instant action asserting common law trademark infringement, false designation of origin under the Lanham Act, 15 U.S.C. § 1125(a), violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code § 17200 et seq., false advertising, Cal. Bus. & Profs.

Code § 17500. Lerma seeks damages and injunction prohibiting Defendants from use of the STYLISTIC mark or any confusingly similar mark. (*See generally* Compl.; *id.* ¶ 44.)

Defendants filed an Answer on February 12, 2016 denying the allegations and asserting a number of affirmative defenses. (*See* Dkt. 24.) During discovery, Plaintiff served Requests for Admission, Set One ("RFA") on each of the Defendants. (SUF ¶ 20.) During a November 1, 2016 hearing regarding a separate discovery motion, Defendants' counsel represented that responses to the RFA had already been served. (SUF ¶ 21.) That day, Plaintiff's counsel sent an email noting that they had not received the responses and asking for another copy. (SUF ¶ 22.) As of this filing, Plaintiff has received no responses to the RFA from any of the Defendants. Accordingly, the RFA's are deemed admitted pursuant to Rule 36. Fed. R. Civ. P. 36(a)(3). Although Defendants represented at the hearing on the instant motion that RFA responses were served, they have not moved for relief from the admissions.

On March 8, 2017 Plaintiff dismissed three defendants: Robert Flores, Rudy Paredes, and Roger Torres. Plaintiffs subsequently filed in the instant motion for summary judgment as to liability on all causes of action as to the remaining defendants, entitlement to injunctive relief, and entitlement to reasonable attorneys' fees. (Dkt. 69.) Defendants filed no opposition to the motion.

**II. LEGAL STANDARD**

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). When a nonmovant fails to oppose a summary judgment motion, the court must grant the motion unless the "movant has failed to meet its burden of demonstrating the absence of triable issues." *Henry v. Gill Indust., Inc.*, 983 F. 2d 943, 950 (9th Cir. 1993). The court therefore reviews an unopposed summary judgment motion to determine whether "the movant's papers are themselves insufficient to support a motion for summary judgment or on their face reveal a genuine issue of

3

material fact." *Id.* at 949 (quoting *Hamilton v. Keystone Tankship Corp.*, 539 F. 2d 684, 686 n. 1 (9th Cir. 1976)).

**III. DISCUSSION**

    **A. Liability on All Causes of Action**

Having reviewed Plaintiff's submissions, the court finds that he has carried his burden at summary judgment as to Defendants' liability on all causes of action. The court addresses each claim in turn.

Plaintiff's first two claims are for common law trademark infringement and false designation under the Lanham Act. In order to prevail on these claims, "a plaintiff must show that it owns a valid mark, that the mark was used without its consent, and that such unauthorized use is likely to cause confusion, mistake, or deception." *Credit One Corp. v. Credit One Fin., Inc.*, 661 F. Supp. 2d 1134, 1137 (C.D. Cal. 2009) (*New West Corp. v. NYM Co. of Cal., Inc.*, 595 F.2d 1194, 1198–1202 (9th Cir.1979) (Lanham Act); *Cel–Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 192 (1999) (common law trademark infringement)).

As to ownership, the evidence demonstrates that Plaintiff adopted the SYLISTICS mark in commerce prior to Defendants and have continuously used the mark in commerce since 1987. The evidence also demonstrates that Defendants were aware of the STYLISTIC mark and did not have Plaintiff's consent to use the SLA mark. As to likelihood of confusion, the court compares the marks under the *Sleekcraft* factors: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and the degree of care likely to be exercised by the purchaser; (7) the defendant's intent in selecting the mark; and, (8) the likelihood of expansion of the product line. *AMF, Inc. v. Sleekcraft Boats*, 599 F.2d 341, 348–49 (9th Cir. 1979). Beginning with the strength of the mark, the court finds that STYLISTICS is an arbitrary mark, bearing no intrinsic connection to the products with which the mark is used, and thus a strong mark "afforded the widest ambit of protection." *Id.* at 349. The proximity of the goods are identical, as both parties use the

marks in connection with car clubs. Next, the court finds that the marks have a high degree of similarity. STYLISTICS and SLA (STYLISTICS LOS ANGELES) are distinguished in sight, sound, and meaning only by the fact that the latter mark has appended a geographic term to an otherwise identical mark. This degree of similarity counsels in favor of consumer confusion. Finally, the evidence suggests at least some overlapping marketing channels as both marks are used online to advertise the competing car clubs. The evidence does not speak to instances of actual confusion, the degree of care exercised by the expected consumer. Nonetheless, the court finds that Plaintiff has adequately substantiated his claim of likelihood of confusion. Accordingly, the court grants Plaintiff summary judgment on the common law trademark infringement and Lanham Act false designation claims.

Plaintiff's next claim is that Defendants' use of the SLA mark constitutes unfair competition under the UCL. The UCL defines unfair competition as "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Profs. Code § 17200. Plaintiff is entitled to summary judgment on this claim, as violations of the Lanham Act are adequate to show unfair and unlawful competition under the UCL.

Plaintiff's final claim is for violation of Cal. Bus. & Profs. Code § 17500. Section 17500 "prohibits dissemination of any statement concerning real or personal property for sale 'which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading.'" *Freeman v. Time, Inc.*, 68 F.3d 285, 288 (9th Cir. 1995). Plaintiff has submitted evidence that a reasonable consumer might be confused by Defendants' online advertising and maybe misled into believing that they are participating in Plaintiff's car club. Accordingly, the court GRANTS Plaintiff summary judgment on the section 17500 claim.

**B. Relief Awarded**

In light of the infringement on Plaintiff's mark, Plaintiff seeks an "order enjoining Defendants, their officers, agents, and employees, and anyone acting in concert with them, from using the SLA Mark alone or in combination with other words, or any other

colorable imitations of the "Stylistics" mark in Defendants' advertising, marketing, or sale of its products and services or in any other way in connection with the conduct of its business." (Mot. 16.) The court finds that such an injunction is a reasonable remedy to prevent future infringement of Plaintiff's mark. Accordingly, the court grants the injunctive relief against Defendants Ernie Armijo, Joe Armijo, and David Rodrigues.

Plaintiff also seeks a determination that this case is "exceptional" under the Lanham Act so that it may seek to recover his attorneys' fees. *See* 15 U.S.C. § 1117(a). "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 134 S. Ct. 1749, 1746 (2014). "[D]istrict courts analyzing a request for fees under the Lanham Act should examine the 'totality of the circumstances' to determine if the case was exceptional." *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 839 F.3d 1179, 1181 (9th Cir. 2016) (quoting *Octane Fitness*, 134 S. Ct. at 1756). Under the "totality of the circumstances" approach, district courts may consider a "'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Octane Fitness*, 134 S. Ct. at 1756 n.6 (quoting *Fogerty v. Fantasy Inc.* 510 U.S. 517, 534 n.19 (1994)).

Plaintiff argues that this case is exceptional in light of Defendants willful and deliberate infringement of the SLA Mark. Pursuant to the RFA's, Defendants have acknowledged that Plaintiff has used the STYLISTICS mark since 1987 and were aware of this mark when they began using the SLA Mark in 1998. Plaintiff also notes that Defendants were aware of this Court's Order in *Lerma I*. Despite these circumstances, the court cannot conclude that this case is exceptional under the Lanham Act. In particular, the court notes that the injunction in *Lerma I* did not expressly apply to the Defendants in this case. Moreover, during much of this litigation, the court's Order in *Lerma I* was

pending on appeal in the Ninth Circuit. Indeed, that was one of the reasons offered for continued use of the SLA mark in Defendants' Answer. (Dkt. 25 ¶ 17.) Considering the totality of the circumstances, the court finds that this case is not exceptional and concludes that an award of fees is not justified.

**IV. CONCLUSION**

For the reasons stated above, the Court GRANTS in part Plaintiff's Motion for Summary Judgment. Specifically, the court grants summary judgment against Defendants on Plaintiff's claims for common law trademark infringement, false designation under the Lanham Act, and violations of Cal. Bus. & Profs. Code §§ 17200, 17500. Further, the court enters an injunction enjoining Defendants Ernie Armijo, Joe Armijo, and David Rodrigues their officers, agents, and employees, from using the SLA Mark alone or in combination with other words, or any other colorable imitations of the "Stylistics" mark in their advertising, marketing, or sale of their products and services or in any other way in connection with the conduct of their business. Finally, the court finds that this case is not exceptional under the Lanham Act and that Plaintiff is not entitled to an award of attorneys' fees.

**IT IS SO ORDERED.**

Dated: May 22, 2017

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE